# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| ) | |
| v. ) | **COMPLAINT** |
| ) | **JURY TRIAL DEMAND** |
| AT&T MOBILITY LLC, formerly ) | |
| CINGULAR WIRELESS LLC, ) | |
| ) | |
| Defendant. ) | |
| ------------------------------------------------------- ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of race (black) and to provide appropriate relief to John T. Davidson, III ("Davidson"), who was adversely affected by such practices while employed by Defendant, Cingular Wireless LLC (currently known as AT&T Mobility LLC.) As articulated with greater particularity in paragraphs 7 and 8 below, the Commission alleges that Mr. Davidson was denied promotion to available management positions, while similarly situated non-black employees were promoted into the management positions.

In addition, the Commission alleges that after Mr. Davidson filed a charge of discrimination alleging race discrimination with the EEOC, Defendant retaliated against him when it began issuing him unjustified discipline, and ultimately terminated his employment. As a result of Defendant's discrimination based on race and retaliation, Mr. Davidson suffered severe emotional distress and back pay damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, as amended 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4. At all relevant times, Defendant, AT&T Mobility LLC, formerly known as Cingular Wireless LLC, has been and is now doing business in the Commonwealth of Pennsylvania and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000(e)(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, John T. Davidson III filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least July of 2005, Defendant Employer has engaged in unlawful employment practices at the following locations: McKnight Road, Ross Twp., PA, Century III Mall; West Mifflin, PA; and Liberty Ave., Pittsburgh, PA, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by failing to promote Mr. Davidson to a management position because of his race (black), as follows:

(a) John T. Davidson III was hired by Vanguard Cellular Systems on or about March 29, 1999 as a Communications Specialist in State College, PA. Mr. Davidson was employed by Defendant and/or its predecessors from on or about March 29, 1999 until his termination on or about September 8, 2006. During the course of his employment, his employment status varied between full-time and part-time and he held the positions of Communications Specialist, Lead Communications Specialist, and Retail Sales Consultant. The final position Mr. Davidson held with Defendant was that of Retail Sales Consultant.

(b) On or about July 14, 2005, Defendant posted an open Retail Store Manager position at its McKnight Road location in Ross Township, PA. Mr. Davidson applied for and was interviewed for the position. An Asian individual was selected for the Retail Store Manager position. Defendant's Area Retail Sales Manager, Lisa Leinweber, who had interviewed Mr. Davidson for the position of Retail Store Manager, suggested to Mr. Davidson that he should apply for an Assistant Store Manager position.

(c) On or about August 1, 2005, Mr. Davidson transferred from Defendant's State College location to its Ross Park Mall location in Ross Township, PA, where he was employed as a full-time Retail Sales Consultant.

(d) In or about September 2005, Mr. Davidson applied for and was granted a lateral

3

transfer to an open Retail Sales Consultant position at Defendant's Galleria at Pittsburgh Mills location in Tarentum, PA. On or about October 9, 2005, Mr. Davidson applied for an open Assistant Store Manager position at Defendant's Century III Mall, West Mifflin, PA location. Mr. Davidson was neither interviewed nor selected. A white individual was selected on November 1, 2005.

(e) Defendant asserted that it did not receive Mr. Davidson's online application in time to be considered for the Assistant Manager position, even though its own e-mail tracking system and data records clearly indicated that it receive it in a timely manner.

(f) Defendant's stated "preferred qualifications" for the Assistant Manager position included 2-4 years of sales experience. Mr. Davidson had six (6) years of sales experience with Defendant at the time he applied for the position, while the white selectee had two (2) years of sales experience with Cingular at the time he was selected for the position.

(g) In or about October 2005, Mr. Davidson applied for two (2) other open managerial positions, National Distribution Account Executive and Retail Store Manager, located respectively at Defendant's corporate office on Liberty Avenue, Pittsburgh, PA, and at Century III Mall, West Mifflin, PA. Defendant interviewed Mr. Davidson for both positions, he was not selected.

(h) The Retail Store Manager position was awarded to a white external candidate, and the National Distribution Account Executive position was awarded to a white employee. Lisa Leinweber, Area Sales Manager, advised Mr. Davidson that one of the reasons he was not selected for the National Distribution Account Executive position was because he was "unprepared" for the interview in that he was unaware that the position entailed oversight of the

4

sale of Cingular products and services in Radio Shack stores, despite the fact that such information did not appear in the job posting. The white selectee was similarly unaware, at the time of the interview, that the position involved oversight of the sale of Cingular products of services in Radio Shack stores. Upon information and belief, Leinweber told the white selectee that the position entailed involvement with Radio Shack during the interview.

8. Since at least March 2006, Defendant Employer has engaged in unlawful employment practices at its Penn Place, Monroeville, PA location in violation of Section 704(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by retaliating against Mr. Davidson as follows:

(a) Following Defendant's refusal to promote Mr. Davidson to a managerial position on multiple occasions, Mr. Davidson filed a Charge of Discrimination with the EEOC alleging race discrimination on or about February 13, 2006. As a result of his protected activity, Mr. Davidson suffered adverse action when he was issued unjustified discipline by his Manager, Miriam Pihony, on a regular basis from March 2006 until his termination on or about September 8, 2006.

(b) Specifically, between March 2006 and July 2006, Mr. Davidson was issued more discipline for tardiness than any other Retail Sales Consultant in the Penn Place store and/or the local district. Similarly-situated white employees were tardy on numerous occasions, but were not subjected to the same discipline as Mr. Davidson.

(c) Mr. Davidson filed multiple union grievances against Pihony in the summer of 2006 in response to the unfair discipline. As a result of the grievances, Defendant rescinded all of the discipline Mr. Davidson had accumulated since his transfer to the Penn Place store.

(d)  Nonetheless, Pihony continued to target Mr. Davidson, verbally reprimanding him for minor infractions in front of customers and other employees, and exhibiting ongoing unprofessional and hostile behavior, such as putting her hands in his face in a threatening manner while reprimanding him in the store.

(e)  On or about September 8, 2006, Defendant discharged Mr. Davidson, allegedly for failing to meet his August 2006 sales goals.

9.  The effect of the practices complained of in paragraphs 7 and 8, above has been to deprive John T. Davidson III of equal employment opportunities, including promotion/advancement and/or training opportunities in the workplace, and otherwise adversely affect his status as an employee because of his race and because he engaged in protected activity under Title VII.

10.  The acts complained of in paragraphs 7 and 8 above were intentional.

11.  The unlawful employment practices complained of in paragraphs 7 and 8 were done with reckless indifference to the federally protected rights of John T. Davidson III as an employee.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any other employment practice which discriminates on the bases of race and/or retaliation.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees, which provide for

an opportunity to be promoted/advance in the workplace, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination and anti-retaliation policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination and retaliation.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employer to make whole John T. Davidson III by providing appropriate back pay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Defendant Employer to make whole John T. Davidson III by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8, and their respective sub-parts, above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H. Order Defendant Employer to make whole John T. Davidson III by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices

complained of in paragraphs 7 and 8, and their respective sub-parts, above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

  I. Order Defendant Employer to pay John T. Davidson III punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

  J. Grant such further relief as the Court deems necessary and proper in the public interest.

  K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        RONALD COOPER
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        1801 L. Street, NW
        Washington, DC 20507

        */s/ Jacqueline H. McNair (JMS)*
        JACQUELINE H. MCNAIR
        Regional Attorney

        */s/ Judith A. O'Boyle*
        JUDITH A. O'BOYLE
        Supervisory Trial Attorney

        */s/ Lisa H. Hernandez (JMS)*
        LISA H. HERNANDEZ
        Trial Attorney
        PA 87634
        Lisa.Hernandez@eeoc.gov
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Pittsburgh Area Office
        Liberty Center
        1001 Liberty Avenue, Suite 300
        Pittsburgh, PA 15222
        Telephone (412) 644-2695