IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 08-1067 |
| vs. | ) ) | |
| AT&T MOBILITY LLC, formerly CINGULAR WIRELESS, LLC, | ) ) ) | HON. DONETTA W. AMBROSE |
| Defendant, | ) ) ) | |

## CONSENT DECREE

### Introduction

A.   This action was instituted by the U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission") on or about July 31, 2008, against AT&T Mobility LLC, formerly Cingular Wireless LLC ("AT&T" or "Defendant"), to enforce provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"). In its Complaint, the Commission alleged that Defendant discriminated against Charging Party, John T. Davidson, III, when it failed to promote him on the basis of his race, black, and ultimately terminated his employment in retaliation for complaint of race discrimination.

B.   Defendant filed its Answer on September 23, 2008. In its Answer, Defendant denied that it violated Title VII as alleged by the EEOC in its Complaint. It also denied that the EEOC and/or Mr. Davidson should be awarded any relief in this matter.

C.   This Consent Decree is entered into by and shall be final and binding between the EEOC and Defendant, its successors and assigns.

D. The Commission and Defendant desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation, and desire to formulate a plan to be embodied in a Consent Decree, which will continue to promote and effectuate the purposes of Title VII.

E. The Commission and Defendant agree to the entry of this Consent Decree, which shall fully and finally resolve all claims the EEOC raised in its Complaint in Civil Action No. 08-01067.

F. This Consent Decree shall not constitute either an adjudication of or finding on the merits of the Complaint and shall not be construed as an admission by Defendant of any violation of Title VII. Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

## Findings

G. The Court finds that the terms of this Decree are fair, reasonable, equitable and just, and adequately protect the rights of the parties and the public interest.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## Non-Discrimination and Non-Retaliation

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Defendant shall not discriminate on the basis of race in violation of Title VII.

3. Defendant shall not engage in any employment practice which operates to retaliate in any manner against any person, including but not limited to John T. Davidson, III, because of that person's opposition to any practice made an unlawful employment practice under Title VII, or because that person has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII.

4. If any potential future employer contacts Defendant seeking a reference for John T. Davidson, III, Defendant agrees to provide verification of employment only, in accordance with its normal procedure.

5. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant with respect to compliance with Title VII or the EEOC's authority to process or litigate any charge of discrimination now pending or filed in the future against Defendant.

### Monetary Relief

6. Defendant agrees to pay monetary relief in the amount of $75,000 to John T. Davidson, III, in full settlement of the claims raised in Civil Action No. 08-1067.

7. Defendant shall issue a check for the amount specified in Paragraph 6 to Mr. Davidson within fourteen (14) business days of the filing of this Decree. The check will be mailed to Mr. Davidson's private attorney, David F. Weiner, and a copy within ten (10) business days thereafter to the attention of Lisa H. Hernandez, Trial Attorney, EEOC Pittsburgh Area Office, William S. Moorhead Federal Building, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA, 15222.

### Posting of Notice

8. Within twenty (20) business days after entry of this Decree, Defendant shall post at its Penn Place, Monroeville facility, on all bulletin boards used by Defendant for communicating with employees, same-sized copies of the Notice attached as Exhibit A to this Decree. The Notice shall remain posted for a period of two years from the date of entry of this Decree. Defendant shall forward a certification that the Notice has been posted and dates of posting within thirty (30) days after entry of this Decree to Lisa H. Hernandez, Trial Attorney,

EEOC, William S. Moorhead Federal Building, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA, 15222. If posted copies become defaced, removed, marred or otherwise illegible, Defendant agrees to post a readable copy in the same manner as heretofore specified within three (3) business days of notice of same.

<u>Non-Discrimination and Anti-Harassment Policies and Complaint Procedures</u>

9. Defendant agrees to provide ready access to an on-line copy of its Code of Business Conduct, which includes all applicable policies against discrimination, harassment and retaliation, as well as all applicable complaint procedures, to all current retail channel employees. Newly hired employees are required to review the Code of Business Conduct within thirty (30) days of hire, and annually recertify that they have read and understand the provisions of the Code of Business Conduct by the last day of each following year.

10. Defendant shall ensure that all of its retail channel employees are certified and annually recertified on the Code of Business Conduct.

<u>Supervisor Accountability</u>

11. Defendant shall promote supervisor accountability by the following conduct:

(a) ensuring that all of its retail channel supervisory and managerial personnel are certified and annually recertified on the Code of Business Conduct;

(b) disciplining, up to and including discharge, any retail supervisor or manager who violates Defendant's policy or policies against discrimination; and

(c) imposing on all retail managers and supervisory personnel a duty to administer their work areas to ensure compliance with Defendant's policy against discrimination; and

(d) requiring all retail managers and supervisors to report any incidents and/or complaints of discrimination of which they become aware to the employee or employees designated to handles complaints of discrimination.

### Certification/Training

12. Defendant agrees to require all employees to certify and annually recertify their knowledge, awareness, and understanding of Defendant's Code of Business Conduct which shall include employee rights and employer obligations under both Title VII and relevant state or local anti-discrimination laws, and will also emphasizes what constitutes unlawful harassment and discrimination in the workplace, how to keep the company free from such discrimination, what constitutes unlawful retaliation, and the various ways in which to report suspected instances of discrimination.

13. Defendant will continue to provide discrimination and retaliation training to management and employees at its Penn Place, Monroeville store in connection with the foregoing Code of Business Conduct certification/re-certification process.

### Dispute Resolution

14. In the event either party to this Decree believes the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within twenty (20) days of the alleged non-compliance and afford the alleged non-complying party twenty (20) business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within twenty (20) business days, the complaining party may apply to the Court for appropriate relief.

### Miscellaneous Provisions

15.     Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

16.     The terms of this Decree are and shall be binding upon the present and future successors and assigns of Defendant. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event any party is found in contempt for a violation of this Decree.

17.     This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 08-01067.

18.     This Consent Decree shall be filed in the United States District Court for the Western District of Pennsylvania, and shall continue in effect for two years from the date of filing. During this time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than thirty (30) days' notice to the other party. Should any material disputes under this Decree remain unresolved after this two year period, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all disputes have been resolved. In the event of a dispute, the parties agree to confer in an effort to resolve the dispute prior to contacting the Court.

| For Plaintiff EEOC: | For Defendant AT&T Mobility LLC, formerly Cingular Wireless LLC: |
|---|---|

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Washington, D.C.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____          /s/ Todd Shill
DEBRA M. LAWRENCE                         TODD SHILL, Esq.
Acting Regional Attorney

_____          /s/ John Martin
JUDITH A. O'BOYLE                         JOHN MARTIN, Esq.
Supervisory Trial Attorney

_____
LISA H. HERNANDEZ
Trial Attorney

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | Rhoads & Sinon LLP |
| Pittsburgh Area Office | One South Market Street, 12th Floor |
| William F. Moorhead Federal Building | P O Box 1146 |
| 1000 Liberty Avenue, Suite 1112 | Harrisburg PA 17108-1146 |
| Pittsburgh PA 15222 | (717) 233-5731 |
| (412) 395-5852 | |

By the Court: _____          Date: _____
              DONETTA W. AMBROSE
              UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## NOTICE TO AT&T MOBILITY LLC EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by the federal court for the Western District of Pennsylvania in EEOC v. AT&T MOBILITY LLC, formerly known as CINGULAR WIRELESS LLC, Civil Action Number 08-1067 (DWA), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against AT&T Mobility LLC, formerly known as Cingular Wireless LLC, ("AT&T" or "Defendant"). The Consent Decree does not constitute a finding of liability against A&T.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended ("Title VII"), prohibits discrimination against employees and applicants for employment based upon national origin, sex, race, color, or religion. Title VII further prohibits retaliation against employees or applicants who avail themselves of their rights under Title VII by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is the federal agency which investigates charges of unlawful employment discrimination. The EEOC has the authority to bring lawsuits in federal court to enforce Title VII.

AT&T will comply with the provisions of Title VII in all respects and will not take any action against an employee because of his or her national origin, sex, race, color, or religion, or because he or she has exercised his or her rights under the law.

AT&T has taken such remedial action as is required by the Consent Decree entered by the United States District Court, including the posting of this Notice.

If you have any questions about discrimination in the workplace, you may contact the EEOC at (412) 395-5902. The EEOC charges no fees and has employees who speak languages other than English.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two years from the date below, and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the Regional Attorney of the EEOC Philadelphia District.

_[signature]_ Ana H. Human
U.S. EEOC
DATED: 7/24/09

_[signature]_ Elizabeth Wellin, general attorney
On Behalf of AT&T Mobility LLC
DATED: 7-20-09